413 A.2d 651

COMMONWEALTH of Pennsylvania

v.

Raynard GREEN, Appellant.

Supreme Court of Pennsylvania.

Argued March 3, 1980.

Decided April 25, 1980.

612

Jay S. Nedell, Erie, for appellant.

Michael J. Veshecco, Dist. Atty., Shad Connelly, Asst. Dist. Atty., Erie, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

LARSEN, Justice.

On April 25, 1978, appellant Raynard Green entered the Erie County residence of eighty-seven year old Harriet Mikielski. After emptying the contents of the kitchen drawers on the floor, he realized that Mrs. Mikielski was in the next room and had observed his activities. In order to prevent Mrs. Mikielski from later identifying him for the police, appellant struck her in the face with what the Commonwealth theorizes was an isometric exercise machine. This single blow was inflicted with such force that it caused almost immediate death.

Appellant was tried by a jury and found guilty of murder of the first degree and burglary. Following the denial of post-verdict motions, appellant was sentenced to life imprisonment on the murder conviction and five to ten years imprisonment on the burglary conviction, the sentences to run consecutively. Appellant now appeals directly to this Court.

Appellant's first contention is that the trial court abused its discretion in consolidating for trial the information charging burglary with the information charging murder of the first degree. Appellant, however, does not ad-

vance a single valid reason to support his allegation that the consolidation was prejudicial or improper,[1] and the Commonwealth correctly points out that the charges are interrelated and arose out of what was clearly one criminal episode. Under such circumstances, this Court will not disturb the trial court's ruling with respect to the consolidation of separate informations. *Commonwealth v. Hill,* 479 Pa. 346, 388 A.2d 689 (1978).

■ Appellant's next two contentions concern the introduction of four photographs into evidence. The first of these photographs was a recent snapshot of the victim sitting on a couch next to her daughter and grandchildren. The other three photographs were police photographs; one depicting a blood-stained curtain found near the victim's body, one depicting blood spots and stains on the wall above the victim's head, and the last photograph depicting the position of only the lower portion of the victim's body. Appellant asserts that these photographs lacked relevancy and were prejudicial and likely to inflame the passions of the jury. We disagree.

Appellant's version of the incident was that the victim came to the doorway between the kitchen and the living room and was observing him routing through the contents of

1. Appellant argues that the consolidation was improper because it permitted the Commonwealth to proceed upon a theory of "felony murder" (murder of the second degree), a crime which appellant had neither been charged with nor formally arraigned on. This is incorrect. The trial court's granting of the motion for consolidation did no more than combine for one trial those two offenses which were charged in the informations and on which appellant had been arraigned. It in no way authorized the Commonwealth to proceed upon uncharged crimes, or to circumvent the rules governing formal arraignments. Appellant's arguments are thus misdirected and wholly irrelevant to the question of whether the informations were properly consolidated for trial.

Rather, these arguments are relevant to the issue of whether or not the jury should have been instructed on the crime of "felony murder." Appellant, however, interposed no such objections to the jury instructions, and that issue has been waived. *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974). Moreover, even if it were properly preserved, appellant was convicted of murder of the first degree, not "felony murder". Thus any alleged error in the instructions would be harmless.

her kitchen drawers. When appellant noticed her, she attempted to flee. Appellant pursued the victim and caught her in the living room where he struck her with his fists and she fell back onto the sofa. Appellant then "lost it", and the next thing he recalls is placing a covering over the victim's face because it was "a bloody mess." The Commonwealth's version, on the other hand, was that appellant never struck the victim with his fist, and that the victim, who was eighty-seven years of age, could not have attempted to flee and perhaps never arose from the sofa. Further, the Commonwealth theorized that appellant was at all times aware of his actions, and that he used a "bullworker", the victim's grandson's isometric exercise bar, to inflict the fatal wound and carefully wiped the blood off of it and onto the curtain next to the sofa. This was consistent with the pathologist's testimony that only one blow was struck and, because it splintered all of the bones in the victim's face, it was not the type of blow that could be struck with a naked fist.

The photographs in question also corroborate and support the Commonwealth's version of the circumstances surrounding the homicide. The photographs of the victim, the blood on the wall above the sofa, and the position of the body indicated that the victim did not arise from the sofa and was sitting there helplessly when the bone-crushing blow was inflicted. Further, the photograph of the curtain explains why the police were unable to find identifiable traces of blood on the "bullworker". These pictures were, therefore, clearly relevant to the issues presented at trial and, since even the photograph of the corpse did not depict the victim's crushed face, there is nothing excessively gruesome or inflammatory about the photographs. It was thus not error to admit them into evidence.[2] *Commonwealth v. Petrakovich*, 459 Pa. 511, 329 A.2d 844 (1974).

**2.** Appellant also asserts that introduction of the recent snapshot of the victim sitting on a sofa beside her family violated this Court's holding in *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978). This is incorrect. In *Story*, the Commonwealth introduced two photographs of the deceased with his family and protracted irrelevant testimony about the deceased's family life, crippled daughter,

616

Next, appellant contends that the trial court erred in admitting statements made by him prior to the homicide which concerned the sale and use of marijuana and cocaine. These statements came into evidence through the testimony of a thirteen year old boy and his mother. They testified that less than one hour before the homicide, appellant approached the boy and two other children on the street and asked them which houses on their newspaper routes had televisions, stereos, and sofas; how old their mothers were; whether their fathers were home; and whether the children would like to earn some money selling marijuana and cocaine. This frightened the child so that he ran home and related the incident to his mother who, in turn, called the police. The child then assisted the police in apprehending appellant by showing them where appellant lived and identifying property found at the scene of the murder as being in appellant's possession at the time of their conversations.

 Appellant argues that this testimony concerning a solicitation to commit drug offenses should have been excluded under the general rule that evidence of the commission of offenses not charged in the information is not admissible. *See,* e. g., *Commonwealth v. Fuller,* 479 Pa. 353, 388 A.2d 693 (1978). While this is in fact the general rule, there is also:

" . . . the equally well established principle that evidence of other crimes is admissible when it tends to prove a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others or to establish the identity of the person charged with the commission of the crime on trial,—in other words where there is such a logical connection between the crimes that proof of one

background, reputation in the community, and what became of his family after his unfortunate demise. In the instant case, the introduction of the snapshot was not accompanied by such prejudicial and irrelevant testimony, and this photograph, unlike the photographs in *Story,* was relevant to one of the issues at trial, i. e. whether the aged victim could have behaved in the manner described by appellant.

will naturally tend to show that the accused is the person who committed the other." *Commonwealth v. Wable,* 382 Pa. 80, 84, 114 A.2d 334, 336–337 (1955).

In the instant case, appellant's statements were an integral part of the series of events which led to the murder and his subsequent apprehension, and they were extremely relevant to establishing the fact that appellant was the perpetrator of that crime. They were, therefore, clearly admissible and outside the scope of the general rule of exclusion.

■ Appellant's fourth contention is a challenge to the constitutionality of the Act of December 6, 1972, P.L. No. 334, § 1, *as amended,* 18 Pa.C.S.A. § 302 which provides:

Intoxication or drugged condition

Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.

Appellant asserts that the term "intoxication" is too imprecise to appraise the individual, the courts, and the jury of the conduct that is proscribed, and that the statute thus denies an accused due process of law. This contention is entirely without merit. First, the statute does not proscribe conduct; it only results in a reduction of the degree of murder after the conduct has already taken place. Second, there is nothing unreasonably vague or standardless in the application of the term "intoxication" to the instant case, and instructing the jury on this statute did not deny appellant of his right to due process of law.

■ Appellant's final contention is also frivolous. He asserts that the prosecutor during summation acted improperly by stating to the jury that the victim was, "not going to identify [appellant]. He was caught and she's not going to identify him ever." Appellant equates this with an improper and inflammatory reference to the obvious fact that the

victim of a homicide cannot testify against the perpetrator. *See* e. g., *Commonwealth v. Mayberry*, 479 Pa. 23, 387 A.2d 815 (1978). Such, however, was not the nature of the instant remark which appellant has taken entirely out of context. In his closing, appellant's attorney argued that this was a senseless crime, lacking in motive and committed by one who was not aware of what he was doing. The prosecutor's remark was no more than fair rebuttal of that argument:

So, let's picture this once. You're concerned with whether he knew what he was doing. He says I entered this house to take something and I was looking around the kitchen and there's that old white woman looking at me and he got upset. He was caught. And did he know what he was doing. *She's not going to identify him. He was caught and she's not going to identify him ever.* Notes of Testimony p. 268. (Emphasis added).

Accordingly, the judgment of sentence is affirmed.

ROBERTS, J., concurred in the result.