413 A.2d 660

COMMONWEALTH of Pennsylvania

v.

Tyrone DeVAUGHN, Appellant.

Supreme Court of Pennsylvania.

Submitted March 7, 1980.

Decided April 25, 1980.

John H. Corbett, Jr., Paulette J. Balogh, Asst. Public Defenders, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Charles W. Johns, Asst. Dist. Attys., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Tyrone DeVaughn was convicted by a jury of murder of the third degree on March 1, 1979. The court of common pleas thereafter denied appellant's post verdict motions, and sentenced him to a prison term of ten to twenty years. On this appeal, appellant attacks the sufficiency of the evidence and one evidentiary ruling. We affirm.

■ The evidence adduced at trial, viewed in the light most favorable to the Commonwealth, see *Commonwealth v. Bastone*, 466 Pa. 548, 353 A.2d 827 (1976), establishes that: on October 4, 1978, the mother of Joseph Richards asked appellant to check on her son at the playground across the street from her house. At the playground, an argument ensued between appellant and Robert Tucker and his four brothers. Appellant threatened harm to them if they bothered Richards or appellant. During the argument, Robert Tucker attempted to leave the playground, but was prevented from doing so when appellant used a gun to shoot at him and the others.

The police were called and went to appellant's house. Appellant informed the police that a group in the playground was harassing him. When the police arrived at the playground, however, they learned that appellant had fired

a gun. Robert Tucker agreed to file a criminal complaint against appellant at the police station.

Robert Tucker left the police station approximately one hour after the shooting incident, and began to walk home along Buena Vista Street. On the way home he encountered appellant and Joseph Richards. Appellant then fatally shot Tucker.

Appellant's challenge to the sufficiency of the evidence lacks merit. The jury clearly could have concluded on the evidence, beyond a reasonable doubt, that appellant was guilty of murder of the third degree. See *Commonwealth v. Ford*, 472 Pa. 542, 372 A.2d 821 (1977).

■ Appellant also claims that the trial court erred in admitting evidence that appellant fired a gun approximately one hour before the killing. We disagree. It is, of course, axiomatic that evidence of prior crimes is inadmissible against a defendant at this trial on another charge. E. g., *Commonwealth v. Roman*, 465 Pa. 515, 351 A.2d 214 (1976); *Commonwealth v. Groce*, 452 Pa. 15, 303 A.2d 917 (1973). The Commonwealth may not strip a defendant of the presumption of innocence by proving that he has committed other criminal acts. E. g., *Commonwealth v. Roman*, supra; *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972). There are, however, important exceptions to this rule where the prior criminal acts are so closely related to the crime charged that they show *inter alia* motive, intent, malice, identity, or a common scheme, plan or design. E. g., *Commonwealth v. Glover*, 446 Pa. 492, 286 A.2d 349 (1972); *Commonwealth v. Faison*, 437 Pa. 432, 264 A.2d 394 (1970); *Commonwealth v. Wable*, 382 Pa. 80, 114 A.2d 334 (1955).

■ In this case, the playground shooting occurred approximately one hour before the homicide, and involved appellant shooting at Robert Tucker and the other Tucker brothers. Evidence of this incident is clearly probative of

appellant's mental state with regard to Robert Tucker. Accordingly, the evidence was properly admitted.*

Judgment of sentence affirmed.

---

* Appellant additionally claims that the trial judge erred in failing to instruct the jurors that they must find appellant guilty beyond a reasonable doubt of the prior criminal incident before considering it in connection with the criminal charges here. Appellant, however, did not present this proposed charge to the trial court. Nor did appellant object to the court's jury instructions. Accordingly, we need not reach it. See *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).