**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NEIL ANDREW NEIDIG, | |
| Appellant | No. 2135 MDA 2012 |

Appeal from the Judgment of Sentence entered October 18, 2012,
in the Court of Common Pleas of Northumberland County,
Criminal Division, at No(s): CP-49-CR-0000756-2011
and CP-49-CR-0000295-2012

BEFORE:  ALLEN, LAZARUS, and FITZGERALD*, JJ.

MEMORANDUM BY ALLEN, J.:  **FILED FEBRUARY 03, 2015**

This case arose from the investigation of the Thirty-Third Statewide Investigating Grand Jury ("Grand Jury") concerning the drug dealing activities of Neil Andrew Neidig ("Appellant") and his daughter Amy Neidig. The Grand Jury issued a presentment on June 15, 2011, finding a basis for the initiation of criminal charges.  Appellant was arrested on July 26, 2011, based on the Pennsylvania Attorney General's Office filing a criminal complaint charging Appellant with thirty-one counts related to the manufacture, delivery, or sale of controlled substances.  In accordance with ***Alleyne v. United States***, ––– U.S. ––––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), we remand for resentencing.

The trial court summarized the relevant procedural history as follows:

\*Former Justice specially assigned to the Superior Court.

A criminal complaint was filed on July 26th, 2011. Counsel for [Appellant] was appointed to represent Appellant on October 17th 2011, when the [trial] court granted prior Counsel's petition to withdraw. Counsel filed a Petition for Release on Nominal Bail pursuant to Pa.R.Crim.P. 600 on December 2nd 2011. A criminal pre-trial order was filed on January 6th 2012, which set Jury Selection for April 16th 2012, and trial for April 25th-27th of 2012.

On February 28th 2012, [Appellant's] Petition for Release was denied. On April 16th 2012, a new criminal pre-trial order was filed which scheduled Jury Selection for June 4th 2012, and trial June 19th-22nd of 2012.

[Appellant] filed another Rule 600 motion on May 24th 2012. On June 18th 2014, the [trial court] filed another criminal pre-trial order which set Jury Selection for July 9th 2012, and set trial for July 17th-20th of 2012.

On July 6th 2012, [Appellant] filed a Motion in Limine requesting dismissal of charges under Rule 600. On the same day, the [trial court] entered an order directing that the same would be disposed of prior to trial on July 17th.

At trial, on July 17th 2012 in a hearing held in chambers and out of the presence of the jury, the parties litigated the Motion in Limine.

\*\*\*

Immediately thereafter, the trial court denied [Appellant's] Motion in Limine requesting dismissal for violation of Pa.R.Crim.P. 600 and proceeded with the jury trial.

Trial Court Opinion, 12/4/14, at 1-2

At the conclusion of trial, the jury returned its guilty verdicts. Appellant was sentenced on October 16, 2012.[1] On October 26, 2012, Appellant filed a post-sentence motion, which the trial court denied on

_____

[1] The judgment of sentence was docketed on October 18, 2012.

October 31, 2012. Appellant filed a notice of appeal on November 29, 2012. By order dated December 20, 2012,[2] the trial court directed Appellant to file within twenty-one days, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant failed to file a timely concise statement and on March 18, 2013, the trial court entered a Pa.R.A.P. 1925(a) opinion indicating that Appellant's failure to file a Pa.R.A.P. 1925(b) concise statement in a timely manner resulted in the waiver of all issues raised on appeal.

On January 3, 2014, this Court filed a memorandum which determined that Appellant had waived all issues raised on appeal for failure to file a Pa.R.A.P. 1925(b) statement, and affirmed the judgment of sentence. **See Commonwealth v. Neidig**, 96 A.3d 1072 (Pa. Super. 2014) (unpublished). Appellant filed a petition for allowance of appeal and on August 19, 2014, the Pennsylvania Supreme Court entered a Per Curiam order vacating our judgment and remanding for consideration of Pa.R.A.P. 1925(c).

On September 23, 2014, this Court entered a Per Curiam order remanding the case to the Northumberland County Court of Common Pleas for Appellant to file a *nunc pro tunc* Pa.R.A.P. 1925(b) statement of errors

---

[2] Although the trial court order is dated November 20, 2012, it was filed and time-stamped December 20, 2012. We conclude that "November" was a typographical error, as it is illogical that the trial court would issue an order directing Appellant to file a Pa.R.A.P. 1925(b) statement nine days before Appellant filed his notice of appeal on November 29, 2012, and that the order should have been dated December 20, 2012.

complained of on appeal and for the trial court to prepare a Pa.R.A.P. 1925(a) opinion.

Appellant filed a Pa.R.A.P. concise statement on October 7, 2014, and on December 4, 2014, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).[3]

Appellant presents the following issues for our review:[4]

1. [Appellant] respectfully represents that error occurred when his Motion in Limine for dismissal of charges was denied despite the violations of Pa.R.Crim.P. 600.

2. [Appellant] respectfully represents that error occurred where the jury heard testimony regarding alleged prior bad acts of [Appellant], specifically allegations of family history and that [Appellant] taught his daughter, witness Amy Neidig, the drug trade.

3. [Appellant] respectfully represents that error occurred where the Commonwealth assured the jury in closing argument that witness Amy Neidig would be jailed, then asked the [trial court] that she be given probation, which she received.

4. [Appellant] respectfully represents that error occurred where [Appellant] received a sentence which included enhancements for school zone violations, but those enhancements were inapplicable.

---

[3] The Honorable Robert S. Sacavage of the Northumberland County Court of Common Pleas who presided at Appellant's trial has since obtained senior judge status, and the Pa.R.A.P. 1925(a) opinion was authored by the Honorable William Harvey Weist, P.J.

[4] The issues presented in Appellant's Pa.R.A.P. 1925(b) statement filed on October 7, 2014, are identical to the issues presented in Appellant's original brief filed with this Court on July 8, 2013. Therefore, we did not issue a new briefing schedule.

Appellant's Pa.R.A.P. 1925(a) Concise Statement, 10/7/14.

In his first issue, Appellant argues that the trial court erred in denying his pre-trial motions for dismissal pursuant to the speedy trial rules set forth in Pa.R.Crim.P. 600.[5] [6]  Our review of the record reveals that Appellant was

_____

[5] A new version of Rule 600 was adopted on October 1, 2012 and became effective on July 1, 2013.  *See* 42 Pa.B. 6622.  Since "Prior Rule 600" was in effect at the time of the trial court's decisions on Appellant's Rule 600 motions, our analysis will focus on that version of the Rule.

[6] The "Prior Rule 600" which expired on July 1, 2013, provides:

(A)
   (1)   Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than 270 days from the date on which the complaint is filed.

   (2)   Trial in a court case in which a written complaint is filed against the defendant, when the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed.

   (3)   Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

   (4)   Trial in a court case that is transferred from the juvenile court to the trial or criminal division shall commence in accordance with the provision set out in paragraphs (A)(2) and (A)(3) except that the time is to run from the date of filing the transfer order.

(B)   For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

*(Footnote Continued Next Page)*

*(Footnote Continued)* ————————————

(C)    In determining the period for commencement of trial, there shall be excluded therefrom:

    (1)    the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

    (2)    any period of time for which the defendant expressly waives Rule 600;

    (3)    such period of delay at any stage of the proceedings as results from:

        (a)    the unavailability of the defendant or the defendant's attorney;

        (b)    any continuance granted at the request of the defendant or the defendant's attorney.

(D)

    (1)    When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within 120 days after the date of the order granting a new trial, if the defendant is incarcerated on that case.  If the defendant has been released on bail, trial shall commence within 365 days of the trial court's order.

    (2)    When an appellate court has remanded a case to the trial court, if the defendant is incarcerated on that case, trial shall commence within 120 days after the date of remand as it appears in the appellate court docket.  If the defendant has been released on bail, trial shall commence within 365 days after the date of remand.

    (3) When a trial court has ordered that a defendant's participation in the ARD program be terminated pursuant to Rule 184, trial shall commence within 120 days of the termination order if the defendant is incarcerated on that case. If the defendant has

*(Footnote Continued Next Page)*

arrested on June 6, 2011, the criminal information was filed on July 26, 2011, and the jury trial commenced on July 17, 2012, within 365 days of the filing of the criminal complaint. Appellant was incarcerated during the entirety of the pretrial period, the trial court having denied his petitions for release on nominal bail after he had completed a term of pretrial

*(Footnote Continued)* ———————————

been released on bail, trial shall commence within 365 days of the termination order.

(E)   No defendant shall be held in pre-trial incarceration on a given case for a period exceeding 180 days excluding time described in paragraph (C) above. Any defendant held in excess of 180 days is entitled upon petition to immediate release on nominal bail.

(F)   Nothing in this rule shall be construed to modify any time limit contained in any statute of limitations.

(G)   For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant. ...

incarceration in excess of 180 days. **See** Pa.R.E.(A)(2) and (E). Appellant argues that the Commonwealth failed to exercise due diligence in bringing him to trial, and that the trial court erred in denying his petition for release on nominal bail following his pretrial incarceration. Accordingly, he asserts that he is entitled to dismissal of the charges against him pursuant to Rule 600.

"To be clear, a violation of Rule 600 does not automatically entitle a defendant to a discharge. Indeed, Rule 600 provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time. In other words, the only occasion requiring dismissal is when the Commonwealth fails to commence trial within 365 days of the filing of the written complaint, taking into account all excludable time and excusable delay." **Commonwealth v. Goldman**, 70 A.3d 874, 879-880 (Pa. Super. 2013) (citations omitted); Pa.R.Crim.P. 600((A)(3), (C) and (G). In the instant case, the criminal information was filed on July 26, 2011, and the jury trial commenced 357 days later on July 17, 2012. Because Appellant's trial commenced within 365 days of the filing of the criminal complaint, Appellant is not entitled to dismissal of the charges against him pursuant to Rule 600(G). **Goldman, supra.**

To the extent that Appellant asserts that he was held in pretrial incarceration in excess of 180 days, even after accounting for any excludable delay, Appellant is not entitled to any substantive relief on this claim.

Rule 600(A)(2) provides that when a defendant is incarcerated, trial shall commence no later than 180 days from the date the criminal complaint is filed. Rule 600(E) ... is a corollary to Rule 600(A)(2), providing that no defendant shall be held in pretrial incarceration for a period exceeding 180 days. If a defendant is so held, he shall be entitled to immediate release on nominal bail upon petition. Rule 600(E), however, provides for excludable time in accord with Rule 600(C). This Rule allows that in computing the running of the 180 days, delays resulting from defendant's actions or requests shall be excluded. The sum of these rules is that an incarcerated defendant must be tried within 180 days of a written complaint, and if such trial does not timely occur, the defendant is entitled to immediate release on nominal bail after spending 180 days in confinement, exclusive of delays occasioned by defendant

*Commonwealth v. Dixon*, 907 A.2d 468 (Pa. 2006). Our Supreme Court has explained that release is mandatory under Rule 600(E) for a defendant held in pretrial incarceration in excess of 180 days and that the trial court has no discretion to deny release. *Commonwealth v. Sloan*, 907 A.2d 460, 466 (Pa. 2006); *Commonwealth v. Abdullah*, 652 A.2d 811, 812-813 (Pa. 1995).

Here, Appellant was arrested on June 6, 2011 and remained imprisoned until the commencement of trial on July 17, 2012, a total of 407 days. The trial court concluded that this delay was not attributable to Appellant's actions, and that it was occasioned in large part by scheduling difficulties and judicial delay. Trial Court Opinion, 12/4/14, at 2-3, 16-17. Upon review, we conclude that even if Appellant's motion for release on nominal bail was improperly denied after his pretrial incarceration in excess of 180 days, "[t]here is no statutory or case law authorizing the discharge of

a defendant who has not been brought to trial within the timing requirements of Rule 600(A)(2)*." **Goldman**, 70 A.3d at 879-880 (Pa. Super. 2013) (explaining that although the defendants were incarcerated for over 180 days, the proper remedy was immediate release on nominal bail pursuant to Rule 600(E), not dismissal). **See also Commonwealth v. Abdullah**, 652 A.2d 811, 813 (Pa. 1995) (explaining that "Rule 1100 does not provide a remedy for a defendant who is improperly denied release on nominal bail"). We are therefore unable to grant Appellant substantive relief on his Rule 600 claim given that Appellant has already been tried and convicted and is now serving his sentence.[7] **See Commonwealth v. Dixon,** 907 A.2d 468 (Pa. 2006) (recognizing that, where the appellant was no longer being held in pretrial incarceration, and instead was currently serving her sentence, we could not afford the appellant relief on her pretrial claim that she should have been released on nominal bail, and the issue was technically moot).[8]

_____

[7] We note that at the time of sentencing, Appellant received credit for time served in the amount of 498 days. N.T., 10/16/12, at 43.

[8] Our Supreme Court in **Dixon** acknowledged that where a defendant's Rule 600(E) petition for pretrial release on nominal bail was denied and (after the defendant was convicted and sentenced), he challenged the denial of his petition for pretrial release, such cases furnish "a classic example of the well-recognized exception to the mootness doctrine applicable" where a case is "capable of repetition yet evading review." **Dixon**, 907 A.2d at 472-473. "Pursuant to this principle, an appellate court may decide a case where issues important to the public interest are involved, the nature of the

*(Footnote Continued Next Page)*

- 10 -

Appellant next argues that the trial court erred in permitting the jury to hear testimony regarding his prior bad acts. Specifically, Appellant challenges the testimony of Appellant's daughter, Amy Neidig, who testified that she "knew [her] dad had a past and that [her] dad got in trouble before with weed." N.T., 7/18/12, at 61. Our review of the record reveals that after the Commonwealth elicited testimony from Amy Neidig regarding Appellant's prior criminal activity, Appellant's counsel immediately objected and the trial court promptly sustained the objection, and then instructed the jury that Appellant was not on trial for any prior involvement in criminal activity. *Id*. at 62. Given that the trial court sustained Appellant's objection and instructed the jury not to consider Appellant's prior activities, any prejudice from the prosecutor's remark was limited and did not warrant a new trial.[9] Moreover, prior to the commencement of trial, the trial court

_(Footnote Continued)_ —————————————

question under consideration is such that it will arise again, and review will be repeatedly thwarted if strict rules of mootness are applied." *Id*.

We conclude, here, that the Rule 600 issues regarding pretrial incarceration raised by Appellant in this case have been addressed in *Dixon*, and *Commonwealth v. Sloan*, 907 A.2d 460 (Pa. 2006) *inter alia,* and therefore have not evaded review. Moreover, Rule 600 has since been amended, thus reducing the likelihood that the circumstances of this particular case are capable of repetition.

[9] In addition, "while it is true that evidence of prior crimes and bad acts is generally inadmissible if offered for the sole purpose of demonstrating the defendant's bad character or criminal propensity, the same evidence may be admissible where relevant for another purpose" such as showing the defendant's motive, the absence of mistake or accident, or a common scheme or design. *Commonwealth v. Powell*, 956 A.2d 406, 419 (Pa.
_(Footnote Continued Next Page)_

instructed the jury as follows: "If I sustain an objection, this means that the witness is not permitted to answer the question ... You must disregard evidence or any other matters to which I sustain an objection." N.T., 7/17/12, at 65. The jury is presumed to follow the court's instructions. ***Commonwealth v. Tedford***, 960 A.2d 1, 37 (Pa. 2008). We therefore find no merit to Appellant's claim that the challenged statements were so inflammatory as to warrant a new trial.

Appellant next argues that the Commonwealth committed prosecutorial misconduct when it suggested to the jury that Appellant's daughter, Amy Neidig, would likely be incarcerated as a result in her involvement in drug distribution with Appellant. Appellant's Brief at 40-41. Appellant asserts that contrary to the prosecutor's statements to the jury that Amy Neidig was going to jail, Amy Neidig in fact received a sentence of probation. Appellant claims that the prosecutor's actions in suggesting to the jury that Amy Neidig would go to jail because of Appellant's actions constituted reversible error. We disagree.

Our review of the record reveals that at trial, Appellant did not object to the prosecutor's statements during closing suggesting that Amy Neidig would serve a term of imprisonment. Thus, Appellant's attempt to raise a claim of prosecutorial misconduct for the first time on appeal is waived. ***See***

_(Footnote Continued)_ ───────────────

2008) (internal citations omitted). Accordingly, the trial court could have admitted the foregoing evidence on this basis.

Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *Commonwealth v. Stafford*, 749 A.2d 489, 496 n. 7 (Pa. Super. 2000) (holding that a claim of prosecutorial misconduct in closing statement was waived for failure to object at time the remark was made). Moreover, based on the record before us, we cannot independently verify whether or not Amy Neidig did in fact receive jail time or probation, and we cannot afford Appellant relief based simply on his bald assertions of facts outside of the record. *See Commonwealth v. Chilcote*, 578 A.2d 429, 440 (Pa. Super. 1990) (where the appellant argued on appeal that his sentence was disproportional to that received by his co-actor, but the record before us was devoid of any information concerning the co-actor other than the appellant's bald assertion that this person received a time-served and probationary sentence, appellant's assertion involved matters *dehors* the record, and we declined to consider the issue); *Commonwealth v. Rini*, 427 A.2d 1385, 1389 (Pa. Super. 1981) ("it is an absolute rule that on appellate review, a court may not consider facts outside the record").

In his final issue, Appellant argues that the trial court erred when it imposed a sentence that included enhancements for offenses occurring within a school zone pursuant to 18 Pa.C.S.A. § 6317. Appellant's sole contention is that the Commonwealth failed to present any evidence as to his age in order for the school zone enhancements to apply. Appellants' Brief at 41-42. Appellant argues that pursuant to 18 Pa.C.S.A. § 6317, the

defendant must be over 18 years of age for the enhancement to apply. Because no evidence was presented at trial that Appellant was over 18 years of age, Appellant argues that the school zone enhancement should be stricken from his sentence.

In **Commonwealth v. Bizzel**, --- A.3d ---, 2014 WL 6756277 (Pa. Super. 2014) this Court recently held that that 18 Pa.C.S.A. § 6317 is unconstitutional in light of the decision of the United States Supreme Court in **Alleyne v. United States**, ––– U.S. –––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). We are therefore constrained to vacate Appellant's judgment of sentence due to the unconstitutionality of 18 Pa.C.S. § 6317, and remand for re-sentencing. In all other respects, we affirm Appellant's judgment of sentence.

Judgment of sentence vacated due to the unconstitutionality of 18 Pa.C.S. § 6317. Case remanded for re-sentencing. Jurisdiction relinquished.

Judge Lazarus joins the Memorandum.

Justice Fitzgerald files a Concurring Statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/3/2015

- 14 -