605 A.2d 796

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Arthur Lee "Buster" WARD, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 27, 1991.

Decided March 24, 1992.

Carmela R.M. Presogna, Asst. Public Defender, Erie, for appellant.

William R. Cunningham, Dist. Atty., Joseph P. Conti, First Asst. Dist. Atty., Office of Dist. Atty., Erie, for appellee.

508

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from the order of the Superior Court affirming the judgment of sentence of two to four years' incarceration imposed following appellant's jury conviction of arson and risking a catastrophe. The issue is whether the trial court erred in excluding testimony which would have supported appellant's defense by showing that other people had motive to commit the crimes and by attacking appellant's own motive.

On September 19, 1987, appellant and his brother Frank were seen and heard arguing vociferously outside the building they lived in, which Frank owned. Later that night, the building was extensively damaged by a fire which was subsequently determined to have been caused by arson. Appellant was arrested and charged with arson and risking a catastrophe. Appellant presented an alibi defense but was convicted by a jury, and he was sentenced to two to four years of incarceration followed by nineteen years' probation. He appealed to the Superior Court, which affirmed the judgment of sentence.

At trial, appellant attempted to introduce the testimony of a police detective, but the court sustained the Commonwealth objection that the testimony was irrelevant and that it constituted hearsay. The offer of proof showed that the detective would testify that appellant was a police informant who had given information leading to several arrests the week before the fire. The testimony was offered to support the defense that others had a motive to commit the arson in retaliation against appellant for informing on them by harming his home and family. The detective would also have related telephone conversations between himself and appellant in the days immediately preceding the fire in which appellant expressed his fears that some of those who

had been arrested threatened to retaliate against him. In addition, appellant tried to introduce testimony from an American Red Cross worker as to appellant's request for assistance following the fire, the organization's investigation, and its subsequent provision of emergency fund vouchers for clothing. This was to undermine the Commonwealth's evidence of motive by arguing the unlikelihood that appellant would destroy all of his own worldly possessions merely because of a disagreement with his brother.

The trial court stated that this testimony would not support an alibi defense as none of the evidence placed appellant in another location, was therefore irrelevant, and hence inadmissible. The court further ruled that the testimony proffered by the detective would be "hearsay on hearsay," and inadmissible for that reason. The court added that appellant himself was permitted to testify as to the same information, and thus was not prejudiced by the exclusion of his witnesses. We find none of these reasons persuasive. Appellant argues that evidence of motive is always relevant and that the evidence rejected by the trial court was not hearsay.

▬▬▬ An accused has a fundamental right to present evidence so long as the evidence is relevant and not excluded by an established evidentiary rule. *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). Although the lower courts correctly held that the testimony was irrelevant to alibi, having nothing to do with appellant's location at the time the crimes were committed, it is nonetheless well-established that proof of facts showing the commission of a crime by someone else is admissible. *Commonwealth v. Boyle*, 470 Pa. 343, 368 A.2d 661 (1977). "[A]lthough motive is not an essential element of the crime, it is always relevant and admissible. *Commonwealth v. Adkins*, 468 Pa. 465, 364 A.2d 287 (1976)." *Id.*, 470 Pa. at 360, 368 A.2d at 669. If the proffered testimony had been admitted, the jury would have been faced with evidence of other parties having a motive to commit the crimes and with evidence negating appellant's motive to destroy his own

possessions. Either of these two points might have raised a reasonable doubt as to appellant's guilt. The evidence the court rejected, therefore, was clearly relevant; the question is whether it was inadmissible on other grounds, specifically hearsay.

Some of the proffered testimony was hearsay: if the detective were to testify that appellant called him several days before the fire and told him that he had heard rumors that the drug dealers who had been arrested were out to get him, the detective's testimony would be inadmissible hearsay on hearsay. If the detective were to testify that appellant called him and expressed fear of retaliation by the drug dealers, it would likewise be hearsay not clearly admissible under a recognized exception to the rule against hearsay.

Nevertheless, the major elements of the proferred testimony were absolutely admissible and it was error to exclude the detective as a witness. That appellant had worked with the detective for eight years as an informant, that his information had led to approximately twenty arrests and felony convictions, that he had never given erroneous information, and that he had given information regarding a "crack house" leading to several arrests and the seizure of a large quantity of illegal drugs "right around the corner" less than a week prior to the fire were all unobjectionable facts highly relevant to the case. The detective having been excluded, appellant took the stand and testified about his status as an informant, the recent arrests, and his fears of retaliation. This exposed him to impeachment on the basis of his prior criminal record, and of course the Commonwealth introduced evidence of appellant's convictions of theft and receiving stolen property.

Credibility was thus a central issue in appellant's trial and was argued extensively and vigorously by both counsel during closing arguments. In this context, the Commonwealth occupied the enviable position of having presented the only pristine witnesses: the official scientific experts who testified about their investigation of the felonious

nature of the deliberately-set fire. The prejudicial effect of erroneously excluding the testimony of the police detective who would have testified on appellant's behalf is clearly apparent. The same is true of the Red Cross worker who could have corroborated appellant's account of losing all his possessions in the fire.

The complete exclusion of appellant's two witnesses was prejudicial error. Hearsay objections to specific questions should have been dealt with as they arose during the examination of the witness, not by excluding the witnesses altogether. It is therefore necessary to remand the case for a new trial.

Order reversed and case remanded for new trial.

McDERMOTT, J., files a dissenting opinion.

McDERMOTT, Justice, dissenting.

In *Commonwealth v. Roxberry*, [J–7–91] 529 Pa. 160, 602 A.2d 826 (1991), this Court held that a defendant may on his own testimony raise the alibi defense, and need not produce any corroborating evidence. In today's decision the Court has decided that not only can the defendant raise the alibi defense *sans* corroboration, he may also chose to raise it and support his defense with evidence which goes to an alternative defense (i.e. lack of motive).

Because I agree with the trial judge that the evidence offered was not germane to the alibi defense which was offered, it was properly excluded.