635 A.2d 113

COMMONWEALTH of Pennsylvania, Appellee,

v.

James B. McGOWAN, Appellant.

Supreme Court of Pennsylvania.

Submitted July 7, 1993.

Decided Dec. 9, 1993.

Lester G. Nauhaus, Public Defender, Shelley Stark, Chief, Appellate Div. and Mitchell A. Kaufman, Appellate Counsel, for appellant.

Robert E. Colville, Dist. Atty., Kemal A. Mericli and Sandra Preuhs, Asst. Dist. Attys., for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The issue presented for our review is whether it was error for the trial court to exclude as irrelevant, evidence of prior similar incidents in which appellant had been misidentified as the robber. Because the evidence was clearly relevant and because we find that the defense was precluded from presenting evidence of the similarities between the previously charged crimes and the instant one, we reverse and remand for a new trial.

On December 20, 1988, at approximately 7:15 p.m., a man entered Kramer's Pharmacy in White Oak, Pennsylvania, and, at gunpoint, ordered the pharmacist and a clerk to "give me all your Dilaudid." The perpetrator then ran from the pharmacy with a cigar box containing drugs. Appellant was later arrested and charged with the robbery after the pharmacist and the clerk identified him as the perpetrator.

On March 9, 1990, appellant proceeded to a bench trial before the Honorable George H. Ross. During cross-examination of one of the arresting officers, defense counsel attempted to elicit testimony relating to a string of similar prior robberies wherein appellant had been misidentified as the perpetrator. The trial court refused to hear evidence of these prior misidentifications, ruling that the evidence was irrelevant to the instant charge. Ultimately, appellant was convicted of the instant robbery charge and was sentenced to five to ten years incarceration.

On direct appeal, appellant argued that the trial court erred in concluding that evidence of the prior misidentifications was irrelevant to the instant charge. The Superior Court agreed with appellant, but nevertheless affirmed the conviction on the basis that defense counsel had failed to sufficiently establish the similarities between the prior robberies and the instant robbery or that the robberies occurred close in time, 420 Pa.Super. 639, 610 A.2d 66.

A defendant has a fundamental right to present evidence provided that the evidence is relevant and not subject

to exclusion under one of our established evidentiary rules. *Commonwealth v. Ward,* 529 Pa. 506, 605 A.2d 796 (1992). Evidence is relevant if it tends to prove or disprove some material fact or tends to make a fact at issue more or less probable. *Commonwealth v. Scott,* 480 Pa. 50, 389 A.2d 79 (1978).

It is well established that evidence which tends to show that the crime for which an accused stands trial was committed by someone else is relevant and admissible. *See Commonwealth v. Ward,* 529 Pa. 506, 605 A.2d 796 (1992); *Commonwealth v. Boyle,* 470 Pa. 343, 368 A.2d 661 (1977). It is equally well established that evidence that a defendant has committed a crime other than the one for which he or she stands accused is admissible where the crimes possess substantial similarities such that proof of one tends to establish logically the identity of the accused as the perpetrator of the other. *See Commonwealth v. Morris,* 493 Pa. 164, 425 A.2d 715 (1981). Clearly, the converse is also true: evidence that a defendant has previously been misidentified as the perpetrator of one or more crimes bearing substantial similarities to the crime for which the defendant now stands accused is also relevant for the same reasons and should likewise be deemed admissible.

We note with approval the Superior Court's reasoning in *Commonwealth v. Rini,* 285 Pa.Super. 475, 427 A.2d 1385 (1981), a case in which a similar issue was raised. In *Rini,* the Superior Court stated:

While no previous case appears to hold, as we do here, that the defense may introduce evidence that someone else committed a crime which bears a highly detailed similarity to the crime with which the defendant is charged, we agree with appellant that this conclusion follows inexorably from the myriad cases holding that "evidence *is* admissible when it tends to prove a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others or to establish the identity of the person charged with the commission of the crime on trial,—in other words where there is

such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other. A veritable multitude of authorities in our appellate courts enunciate, albeit in varying language, this familiar principle." *Commonwealth v. Wable*, 382 Pa. 80, 84 & n. 2, 114 A.2d 334, 337 & n. 2 (1955) (emphasis in the original; citing 21 cases in footnote). The Commonwealth is permitted in such cases to introduce evidence that the defendant committed crimes other than the one charged, because their highly detailed similarity makes their probative value in showing that the defendant committed the crime charged so great as to outweigh even the substantial danger of prejudice to the defendant. *Commonwealth v. Morris*, 493 Pa. 164, 174, 425 A.2d 715, 720 (1981). When the defense offers evidence that someone other than the defendant committed a crime with a detailed similarity to the one charged, the probative value is equally strong in showing that the defendant did not commit the crime charged, and the argument for admissibility is even stronger, because there is no prejudice to weigh against this equally strong probative value.

*Commonwealth v. Rini*, 285 Pa.Super. at 480–81, 427 A.2d at 1388 (footnote omitted).

■ Based upon the foregoing, it is clear that the trial court erred in excluding the proffered evidence as irrelevant. Moreover, the Superior Court also erred in determining that although the evidence of misidentification was relevant, the conviction should stand because the defense failed to sufficiently establish the requisite substantial similarities between the robberies.

■ A review of the trial transcript reveals that defense counsel was not given ample opportunity to set forth the relevant similarities. Rather, it is apparent from a reading of the following excerpt from the trial, that the trial court ordered defense counsel to terminate all argument as to the admissibility of this evidence:

Q. [by defense counsel]: Sir, the individual who you arrested that day was also wanted by the police for other acts, wasn't he?

MS. NECESSARY [for the prosecution]: Objection. Irrelevant.

A. [arresting officer]: I can't answer that, not by our department, no.

Q. Weren't you aware also of his being wanted for several other drugstore robberies in that area?

A. I believe he was arrested by the city police for robbery. I don't know how many.

Q. There was also, were you aware of a robbery at the Medicine Shoppe and also a robbery at John's Drugstore, John's Drugstore and the Medicine Shoppe? Are you aware of that?

A. I don't know. I am not aware of the specific places. I know that they were located throughout the city.

Q. Well, were you also aware, sir, that Mr. McGowan was dismissed on all those counts?

THE COURT: What's the relevancy of that case to this?

MR. MARCUS: The relevance, Your Honor, is this: Mr. McGowan had been arrested on several drugstore robberies, and all those robberies, it turned out same type of identification, same type of description was given in each of those case also.

A search warrant was executed for his house with an affidavit for probable cause which I was given in discovery on this case, and the search warrant alleges that it's the same actor that's committing the robberies all around.

In other words, same MO, same description, and the reason it's relevant is because in each of those cases, Mr. McGowan was not the person who did it, and was at work at the time that it happened. It's relevant, Your Honor, because they keep arresting this guy for the same thing.

THE COURT: Well, I have heard all I intend to hear about that.

298

Defense counsel was clearly trying to establish the similarities between the prior robberies and the robbery of Kramer's Pharmacy in an effort to support the defense theory of misidentification when the trial court refused to allow him to continue. To hold, as did the Superior Court, that appellant failed to establish these similarities, when in fact he had been precluded by the trial court from elaborating on the alleged similarities, is error.

Accordingly, for all the foregoing reasons, we reverse the Order of the Superior Court and remand this matter to the trial court for a new trial.

MONTEMURO, J., did not participate in the consideration or decision of this case.