J-S57024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN CLARKE | |
| Appellant | No. 148 EDA 2014 |

Appeal from the Judgment of Sentence November 26, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003240-2011

BEFORE:  DONOHUE, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.: **FILED DECEMBER 02, 2014**

Appellant, John Clarke, appeals from the November 26, 2013 aggregate judgment of sentence of 17 to 34 years' incarceration, following his convictions, by two juries, of rape by forcible compulsion, involuntary deviate sexual intercourse (IDSI) with a child under the age of 13, two counts of aggravated indecent assault, three counts of endangering the welfare of children, and three counts of corruption of minors.[1]  After careful review, we affirm.

The procedural history of the case may be summarized as follows.  On April 28, 2011, Appellant was charged with 25 counts of various sex offenses stemming from numerous acts, which occurred between 2002 and

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), 3125(1)(a)(8), 4304(a)(1), and 6301(a)(1), respectively.

December, 2009, involving his then minor daughter, D.C., and stepdaughters, A.M. and S.M. After a preliminary hearing held June 1, 2011, all charges were bound over to the Court of Common Pleas of Delaware County for trial. Many of the charges were withdrawn or consolidated prior to trial. The case proceeded to a jury trial held from January 15, 2013 to January 18, 2013. At the conclusion of the trial, the jury convicted Appellant of the three counts of endangering the welfare of children, and three counts of corruption of minors.[2] The jury acquitted Appellant of one count of aggravated indecent assault of A.M. The jury was unable to return a unanimous verdict on the remaining counts and the trial court declared a mistrial as to those counts. Sentencing on the guilty counts was postponed pending decision on a retrial.[3]

In a second jury trial held August 12, 2013 through August 16, 2013, the Commonwealth retried Appellant on the mistrial counts. At the conclusion of the retrial, the jury found Appellant guilty, relative to A.M., of one count of IDSI with a child under the age of 13, and two counts aggravated assault of a child under the age of 16; relative to S.M., of one count of indecent assault of a child under the age of 16; and relative to D.C.,

---

[2] None of the issues raised by Appellant on appeal challenge his convictions from this first trial.

[3] Appellant's privately retained counsel was granted leave to withdraw on March 4, 2013, and counsel from the Delaware County Public Defender's Office entered his appearance on March 13, 2013.

of one count of rape by forcible compulsion, and one count of sexual assault. On November 26, 2013, the trial court sentenced Appellant to an aggregate sentence of 17 to 34 years' incarceration.[4] Appellant did not file a post-sentence motion. On December 23, 2013, Appellant filed a timely notice of appeal.[5]

On appeal, Appellant raises the following issues for our review.

> 1) Whether the evidence was insufficient to sustain the conviction for Aggravated Indecent Assault of a person less than sixteen years of age (regarding complainant A.M. at the Essex Road location) since the Commonwealth failed to prove, beyond a reasonable doubt, that the complainant was under the age of sixteen at the time of the alleged incident?
>
> 2) Whether the trial court erred and denied [Appellant] a fair trial when it prevented him from introducing evidence that other individuals were previously accused of sexually assaulting at least one of the complainants (A.M.) since that evidence supported his defense that he was not the culprit, as well as his contention that the complainants were not credible?
>
> 3) Whether the trial court abused its discretion when it instructed the jury that it should consider evidence of prior bad acts or other wrongs for which [Appellant] was not on trial since the phrasing of the

_____

[4] Specifically the trial court imposed a sentence of incarceration of 66 to 122 months for the rape count, a consecutive 66 to 122 months for the IDSI count, a consecutive 36 to 72 months for each aggravated indecent assault count, a concurrent 12 to 24 months for each endangering the welfare of children counts, and a concurrent 9 to 18 months for each corruption of minors count. The sexual assault count merged with the rape count.

[5] Appellant and the trial court have complied with Pa.R.A.P. 1925.

instruction implied that he was guilty of the offenses at issue, and because it erroneously directed the jury to consider the evidence for purposes not permitted by Pa.R.E. 404?

Appellant's Brief at 5.

In his first issue, Appellant challenges the sufficiency of the Commonwealth's evidence relative to the aggravated indecent assault charge pertaining to victim A.M. *Id.* at 15. "A claim impugning the sufficiency of the evidence presents us with a question of law." *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275, (Pa. 2014). Our standard and scope of review are well settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses

- 4 -

and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Fabian***, 60 A.3d 146, 150-151 (Pa. Super. 2013) (citation omitted), *appeal denied*, 69 A.3d 600 (Pa. 2013).

> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

***Commonwealth v. Kearney***, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted), *appeal denied*, --- A.3d ---, 385 MAL 2014 (Pa. 2014).

The specific charge at issue against Appellant was brought under Section 3125(a)(8), which provides as follows.

> **§ 3125. Aggravated indecent assault**
>
> **(a) Offenses defined.--**Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:
>
> …
>
> (8) the complainant is less than 16 years of age and the person is four or more years older than the

complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3125(a)(8).

Appellant asserts the Commonwealth "failed to prove that A.M. was less than sixteen years of age at the time of the incident that purportedly occurred on Essex Road in Norwood." Appellant's Brief at 17. In support of his position, Appellant urges us to "consider [A.M.'s] testimony at the initial trial when determining whether her age was proven beyond a reasonable doubt." *Id.* at 18, *citing* **Commonwealth v. Gray**, 867 A.2d 560, 567 (Pa. Super. 2005), *appeal denied*, 879 A.2d 781 (Pa. 2005). We conclude Appellant's reliance on **Gray** is misplaced.

In **Gray**, this Court clarified that when an Appellant challenges a trial court's evidentiary ruling on appeal, together with a challenge to the sufficiency of the evidence sustaining a conviction, our review of the two issues is distinct, and the scope of our review of a sufficiency claim is not made from a diminished record. **Gray**, **supra** at 567. This is so because the remedy for each challenge is distinct.

> If [an] evidentiary ruling was erroneous, then Appellant would be entitled to a new trial, but he would not be entitled a discharge [as afforded for a successful sufficiency challenge]. This conclusion flows from the well-ensconced precept that "in evaluating the sufficiency of the evidence, we do not review a diminished record. Rather, the law is clear that we are required to consider **all evidence that was actually received**, without consideration as to the admissibility of that evidence or whether the trial court's evidentiary rulings are correct."

- 6 -

> ***Commonwealth v. Gray***, 867 A.2d 560, 567 (Pa.
> Super. 2005) (citation and quotation marks omitted).

***Commonwealth v. Weaver***, 76 A.3d 562, 569 (Pa. Super. 2013) (emphasis added), *appeal granted*, 86 A.3d 862 (Pa. 2014).

Instantly, A.M.'s testimony from the first trial was not presented to the jury at Appellant's second trial. Accordingly, it is not evidence "actually received" in the second trial and cannot be considered when evaluating the sufficiency of the Commonwealth's evidence.[6] Appellant nevertheless asserts that, even without considering A.M.'s testimony from the first trial, the evidence is insufficient to establish A.M.'s age at the time of the assault. Appellant's Brief at 18. We disagree.

As Appellant notes, when testifying about the aggravated indecent assault, A.M. did not specifically mention how old she was at the time. ***Id.*** Rather, she testified that the events occurred at Essex Road address where she resided with Appellant while she was between the ages of 13 and 18. ***Id.***, *citing* N.T. 8/13/13, at 67. Appellant contends this testimony is insufficient to establish beyond a reasonable doubt that the assault occurred when A.M. was less than 16 years old. ***Id.*** However, Appellant ignores A.M.'s later testimony that Appellant's repeated instances of abuse toward her, while residing at that residence, ceased when she turned 16. N.T., 8/13/13, at 73. Thus, viewing the evidence as a whole, we conclude the

---

[6] Appellant does not challenge his retrial on this count based on the alleged insufficiency of the evidence produced at the first trial.

jury could find beyond a reasonable doubt that Appellant's assault of A.M. at the identified address occurred while A.M. was under 16 years old. Accordingly, Appellant's first issue can afford him no relief.

In his second issue, Appellant claims the trial court abused its discretion by precluding evidence of previous allegations of sexual abuse of A.M. made against two other individuals. Appellant's Brief at 20-21. In reviewing this issue, we are mindful of the following.

> The standard of review for a trial court's evidentiary rulings is narrow. The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

***Commonwealth v. Mendez***, 74 A.3d 256, 260 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014).

> Pennsylvania Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401. Building upon this definition, Rule 402 provides, in full, as follows: "All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. Thus, while the general rule of the admissibility of relevant evidence is subject to various exceptions, the rule that irrelevant evidence is not admissible is categorical. Accordingly, [t]he threshold inquiry with admission of evidence is whether the evidence is relevant.

*Commonwealth v. Cook*, 952 A.2d 594, 612 (Pa. 2008) (some internal quotation marks and citations omitted).

> Trial judges generally enjoy broad discretion regarding the admission of potentially misleading or confusing evidence. Trial judges also have the authority to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion. *See* [] Pa.R.E. 403 ("Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury…"). Furthermore, the function of the trial court is to balance the alleged prejudicial effect of the evidence against its probative value, and it is not for an appellate court to usurp that function.

*Commonwealth v. Parker*, 882 A.2d 488, 492 (Pa. Super. 2005) (some citations omitted), *affirmed on other grounds*, 919 A.2d 943 (Pa. 2007). In order to be entitled to relief based on a showing of a clear abuse of discretion in an evidentiary ruling, actual resulting prejudice must be established. *Commonwealth v. O'Black*, 897 A.2d 1234, 1240 (Pa. Super. 2006) (citation omitted).

Instantly, Appellant claims the trial court abused its discretion by restricting his questioning of witnesses about two other adult males accused of molesting A.M. Appellant's Brief at 20-21. Specifically, Appellant alleges "[A.M.] accused [Appellant] previously, recanted, and accused him again several years later in 2011. Prior to that, she apparently accused a neighbor (Richard) of that same sexual misconduct. A friend of her mother (Michael)

also allegedly touched her inappropriately." *Id.* (citations omitted). Appellant argues. "[s]ince he was precluded from arguing that a third party was guilty, he was denied a fair trial." *Id.* at 21.

By way of background, we note that during the first trial Appellant cross-examined A.M.'s mother about one of the aggravated indecent assault charges that occurred when A.M. was in the second or third grade. N.T., 1/17/13, at 74-76. A.M.'s mother testified that A.M. made allegations at school that Appellant touched her inappropriately only to recant and accuse a neighbor, named Richard, of the incident. *Id.* at 76. A.M. again accused Appellant of the incident at the time the instant charges were filed. Additionally, Appellant cross-examined A.M.'s mother about an instance when she and Appellant initiated an investigation against another adult male friend, named Michael, for possible abuse against A.M., although A.M. herself had not made any allegation. *Id.* at 89. The Commonwealth interposed no objection to the questioning.

Appellant now contends that the trial court "reversed its earlier decision and prevented him from eliciting evidence about the prior sexual accusations pertaining to A.M." Appellant's Brief at 21. He further asserts, "[a] litigant should not suffer because a judge changes his mind, with no new facts before him. That is precisely what occurred here. By allowing the jury to consider the evidence in the first trial, the judge lulled the defense into a sense of security with regards to this issue." *Id.* at 23 (citation

omitted). Appellant argues this was an abuse of discretion because "[t]his evidence was not being offered to expose the complainant's past sexual history. Rather, it tended to show that another person may have committed the offenses, and further, related to witness credibility. Thus, it was relevant to [Appellant's] defense, and should have been admitted." *Id.* at 22. "At the very least, evidence of these allegations could have been used to argue that A.M. had a history of making potentially false sexual accusations since she may have accused up to three people of the same misconduct." *Id.* The record does not support Appellant's characterization of the pertinent evidentiary rulings made by the trial court.

During the second trial, when Appellant's counsel was cross-examining A.M.'s mother, the following exchange occurred.

> Q.  Now you've testified on direct examination that shortly after [A.M.] made these disclosures to the school that she took back what she said?
>
> A.  Yes.
>
> Q.  And she said that that wasn't true?
>
> A.  Yes.
>
> Q.  Now that's not completely accurate. What she actually said was that it wasn't John but if it – but that it was a neighbor of your mother named Richard right?
>
> A.  Yes.
>
> Q.  That's what she said, it was Richard?

A.     Yes.

Q.     After she took back her story and said that it was Richard, then everybody came back home, right?

A.     Her and [S.M.] did.

Q.     Now [A.M] had previously made similar allegations about Richard before she lived at [that address]…

[ASSISTANT DISTRICT ATTORNEY]:

Objection.

[DEFENSE COUNSEL]:

… too right?

[ASSISTANT DISTRICT ATTORNEY]:

Objection, Your Honor.

THE COURT:

Overruled.  Ask the question again.

[DEFENSE COUNSEL]:

Q.     When [A.M.] was living at [a prior address] … she said that this individual named Richard had touched her, right?

A.     I don't remember.

N.T., 8/14/13, at 212-214.

Later, during the same cross-examination of A.M.'s mother, defense counsel inquired about another allegation of abuse perpetrated by a third party.

Q. You said you're living with your boyfriend Mike [].

A. Yes.

Q Right? Now in addition to [A.M.] saying that your mom's neighbor Richard touched her there was an investigation into Michael [] for having inappropriate sexual contact with [A.M.], right?

***

[ASSISTANT DISTRICT ATTORNEY]:

Objection Your Honor.

THE WITNESS:

Yes.

***

[DEFENSE COUNSEL]:

Q. Was that a yes?

***

THE COURT:

Sustained.

[ASSISTANT DISTRICT ATTORNEY]:

Motion to strike.

[DEFENSE COUNSEL]:

Your Honor could we see you at side bar?

THE COURT:

All right.

\*\*\*

[Sidebar conference]

[DEFENSE COUNSEL]:

Judge this was absolutely admitted at the last trial. I mean …

THE COURT:

What that what?

[DEFENSE COUNSEL]:

She made allegations about somebody else at the time she was living at 545 Essex.

[ASSISTANT DISTRICT ATTORNEY]:

Who is "she"?

[DEFENSE COUNSEL]:

[A.M.]

[ASSISTANT DISTRICT ATTORNEY]:

[A.M.] didn't.

[DEFENSE COUNSEL]:

Well …

[ASSISTANT DISTRICT ATTORNEY]:

That wasn't [A.M.'s] testimony, it was [A.M.'s mother].

[DEFENSE COUNSEL]:

[A.M.'s mother] did right.

[ASSISTANT DISTRICT ATTORNEY]:

    Yeah.

[DEFENSE COUNSEL]:

    Right, so there was an investigation into
    …

[ASSISTANT DISTRICT ATTORNEY]:

    You're indicating that [A.M.] did it.    It
    wasn't [A.M.] that did it.

[DEFENSE COUNSEL]:

    It    was    about    [A.M.],    yes.        [A.M.'s
    mother] caught Mike [] and [A.M.] in the
    kitchen.

THE COURT:

    Well, I'm not going to – I'm going to tell
    them to ignore it.  I don't think …

[DEFENSE COUNSEL]:

    It was allowed the first time.

THE COURT:

    So what?  It may have been a mistake
    the first time.  Was there an objection?

[DEFENSE COUNSEL]:

    Yeah, it was overruled.[7]

THE COURT:

_____

[7] As noted above, the Commonwealth did not object to this line of questioning during the original trial.  *See* N.T., 1/17/13, at 89.

Well, I'm not going to allow it.

[DEFENSE COUNSEL]:

Judge it's kind of infringing on my ability to present a defense. I've got a right to present a defense here that it's not him. I mean that's the defense, it's not him. That if it happened …

THE COURT:

These allegations were long after something that she alleges something happened.

[DEFENSE COUNSEL]:

What allegations?

THE COURT:

Whatever she said that was done with the …

[DEFENSE COUNSEL]:

With this Mike [] this is while they're living at 545 Essex before anything is ever reported, before the police are ever involved. This is way back.

THE COURT:

Well, I'm not going to allow it. I don't think it's relevant. It's prejudicial. So there it is.

[DEFENSE COUNSEL]:

Thank you Your Honor.

[Sidebar conference concluded]

\*\*\*

THE COURT:

> Ladies and gentlemen the only person who's on trial here is [Appellant]. Allegations about any other persons being involved in any kind of misconduct should be disregarded by you, okay?

N.T., 8/14/13, at 242-246.

In light of the foregoing, we conclude Appellant misconstrues the trial court's ruling and the import of the proffered evidence. We first note the trial court did not reverse any earlier decision, because, not faced with any objections, it was not called upon to make a ruling at the first trial. Secondly, we note, Appellant mistakenly lumps together the trial court's rulings on the Commonwealth's objections during the second trial. The trial court, in fact, overruled the Commonwealth's objection to Appellant's questions concerning A.M.'s recantation and subsequent allegation against the neighbor Richard, related to the first aggravated indecent assault charge. N.T., 8/14/13, at 214. Thus, Appellant was not precluded from presenting its defense that "another person may have committed the offense[]," or from challenging [A.M.'s] credibility based on her recantation and contradictory allegations.

Accordingly, we need only review the trial court's sustaining of the Commonwealth's objection to defense counsel's cross-examination of A.M.'s mother about allegations she made against her friend Michael of abusing

A.M. We agree with the trial court that "[t]he fact that [A.M.'s] mother accused another individual of having inappropriate sexual conduct with the victim on another occasion is obviously irrelevant." Trial Court Opinion, 5/2/14, at 9.[8] Unlike the circumstances surrounding the alleged involvement of the neighbor Richard, which involved a specific assault attributed to Appellant and conflicting accounts given by A.M., the circumstances surrounding the allegations against the family friend Michael was distinct from any allegation made toward Appellant and was not made by A.M. Thus, whether or not A.M. was sexually assaulted by Michael can provide no exculpation of Appellant relative to the charges against him. The evidence has no relevance or probative value to the material issues in this case and could easily confuse and distract the jury. *See Commonwealth v. Holder*, 815 A.2d 1115, 1119 (Pa. Super. 2003) (holding that allegation of earlier sexual abuse of a victim by a third party was collateral and not relevant to separate allegations against defendant), *appeal denied*, 827 A.2d 430 (Pa. 2003).

---

[8] The trial court also relied on the Rape Shield Law in support of its decision. Trial Court opinion, 5/2/14, at 9, *citing* 18 Pa.C.S.A. § 3104 (providing, subject to some exceptions, that evidence of a victim's past sexual conduct is inadmissible in prosecutions). However, that reliance was inapt, as our Supreme Court has "held that the statutory word 'conduct' does not include prior sexual assaults and that evidence of prior sexual assaults is admissible as long as such evidence is relevant and material under the traditional rules of evidence." *Commonwealth v. Fink*, 791 A.2d 1235, 1240-1241 (Pa. Super. 2002), *citing Commonwealth v. Johnson*, 638 A.2d 940, 942 (Pa. 1994).

Additionally, Appellant's reliance on **Commonwealth v. Ward**, 605 A.2d 796 (Pa. 1992) is unavailing. In **Ward**, our Supreme Court held the trial court erred in refusing admission of Ward's evidence tending to show that others had a motive to perpetrate the arson and related offenses for which he was charged. The Court noted the following.

> [I]t is [] well-established that proof of facts showing the commission of a crime by someone else is admissible. [A]lthough motive is not an essential element of the crime, it is always relevant and admissible. If the proffered testimony had been admitted, the jury would have been faced with evidence of other parties having a motive to commit the crimes and with evidence negating appellant's motive to destroy his own possessions. Either of these two points might have raised a reasonable doubt as to appellant's guilt. The evidence the court rejected, therefore, was clearly relevant….

**Id.** at 797 (internal quotation marks and citations omitted).

In this case, the allegation made against Michael was not related to any incident for which Appellant is accused. Thus, this distinct collateral allegation against Michael does not implicate any issue of commission or motive by another, or Appellant's lack of motive relative to specific offenses charged. **See**, **Holder**, **supra**. Accordingly, we conclude Appellant's second issue lacks merit, and we discern no abuse of discretion by the trial court in sustaining the Commonwealth's objection to Counsel's questions about the allegation made by A.M.'s mother against Michael as irrelevant. **See**, **Cook supra**; **Mendez**, **supra**; **Parker**, **supra**.

- 19 -

In his final issue, Appellant alleges the trial court erred in the form of its instruction to the jury about the relevance of certain evidence of Appellant's other bad acts. Appellant's Brief at 24. For this inquiry, we adhere to the following standard of review.

> [W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Antidormi*, *supra* at 754 (citations omitted).

Initially, for context, we summarize the trial court's recitation of the procedural circumstances leading to its delivery of the instruction in question.[9] *See*, Trial Court Opinion, 5/2/14, at 5-6. Appellant presented the trial court with a motion *in limine*, seeking to preclude the Commonwealth from introducing evidence of Appellant's actions and conduct toward the victims in this case for which he was not specifically charged in

---

[9] We note that these circumstances, which include Appellant's motion *in limine* and Appellant's proposed points for charge, are not included in the trial court docket or in the certified record supplied to this Court. "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*).

the second trial. This included "[f]acts that led to these convictions[, of endangering the welfare of children and corruption of minors in the first trial,] where on diverse dates between 2001 and 2009 [Appellant] made comments about the alleged victims' breasts and buttocks and engaged in conduct including pulling on the victims' bra straps and touching their buttocks." N.T., 8/12/13, at 4. The Commonwealth sought admission of the evidence at the second trial to show, *inter alia*, "the motive and intent of Appellant." *Id.* at 5. The trial court permitted the testimony at trial and Appellant does not now challenge the trial court's evidentiary ruling in this regard.[10] Following the conclusion of testimony, Appellant apparently presented points for charge to the trial court. Included in his points, Appellant requested the trial court to give instruction 3.08 from the Pennsylvania Standard Criminal Jury Instructions, Second Edition, "EVIDENCE OF OTHER OFFENSES AS SUBSTANTIVE PROOF OF GUILT." Trial Court Opinion, 5/2/14, at 5-6. The trial court noted further as follows.

> Although defense counsel provided this Court with a copy of this charge, he did not tailor it to this case. The second paragraph indicates that "[t]his evidence is before you for a limited purpose, that is, for the purpose of tending to [show [give specifics]] [contradict [give specifics]] [rebut [give specifics]] [give specifics]." [Pa. SSJI (Crim) 3.08.] Defendant did not provide any "specifics" or suggest to this

---

[10] Appellant did include the issue in his Rule 1925(b) concise statement of errors complained of on appeal, but he does not pursue the issue in his appellate brief.

> Court what it ought to tell the jury the evidence "tend[ed] to show."

*Id.* at 6. Thus, the trial court itself filled the gaps in Appellant's requested charge in the following manner.

> You have heard evidence tending to prove that the Defendant was guilty of improper conduct in the household. He is not on trial for that now. I am speaking about the testimony to the effect that the Defendant would make remarks, the Defendant might pull on the bra strap of one of the people, or pull on towels, or any of the things of that nature that you may have heard in the course of this case. This evidence is before you for a limited purpose. That is for the purpose of tending to show that the Defendant committed the other crimes charged, the other sexual misbehavior. This evidence must not be considered by you in any way other than for that purpose that I just stated. **You must not regard this evidence as showing that the Defendant is a person of bad character or criminal tendencies which you might be inclined to infer guilt.** On the other hand I did find that the evidence was relevant and what you have to consider is my finding that it was relevant, the ultimate criteria for relevance in a criminal case or any case at law is that the evidence makes it more likely that the Defendant committed the crime than less likely. And you can consider it in that fashion.

N.T., 8/16/13, at 120-122 (emphasis added).

After the trial court's instructions to the jury, the following discussion took place at sidebar.

> [DEFENSE COUNSEL]:
>
> > Are you expecting me to have something to say? Judge the only issue that I have is that 3.0[8] which was evidence of other offenses as substantive proof of guilt. I think you

> mentioned the fact that during his comments and watching his demeanor that they are permitted to use to infer that if he did that, then he also did this.
>
> THE COURT:
>
> Right, if I find it relevant, it makes it more likely rather than less, but it is not by itself evidence of guilt. I'll say that. Do you want me to say that, I think I made it pretty clear.
>
> [DEFENSE COUNSEL]:
>
> That was the motion in limine that I made before the 404 issue. In other words you can't offer that as substantive proof that it is character evidence.
>
> THE COURT:
>
> Well if I find it relevant then it is something that can be used as a basis for making an inference.
>
> [DEFENSE COUNSEL]:
>
> I see what you are saying and I know what the ruling is. I disagree.
>
> THE COURT:
>
> Well I am not going to go back over that. What else?
>
> [DEFENSE COUNSEL]:
>
> That's all I had Judge.

*Id.* at 127.

From the foregoing, the trial court concludes Appellant "waived his objection by failing to propose a specific charge and by, after the close of the

charge, expressing a mere disagreement without any correction." Trial Court Opinion, 5/2/14, at 7. We agree.

> A specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver. Generally, a defendant waives subsequent challenges to the propriety of the jury charge on appeal if he responds in the negative when the court asks whether additions or corrections to a jury charge are necessary.

*Commonwealth v. Charleston*, 16 A.3d 505, 527-528 (Pa. Super. 2011), *appeal denied*, 30 A.3d 486 (Pa. 2011), *quoting Commonwealth v. Moury*, 992 A.2d 162, 178 (Pa. Super. 2010); *see also Commonwealth v. Pressley*, 887 A.2d 220, 224 (Pa. 2009) (holding "a specific objection to the charge or an exception to the trial court's ruling on a proposed point [is required] to preserve an issue involving a jury instruction"); Pa.R.Crim.P. 647(B) (providing "[n]o portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate").

Instantly, defense counsel's comments on the charge reflected Appellant's ongoing objection to the **admission** of the subject evidence. Counsel noted that he understood the trial court's admissibility ruling and reiterated his disagreement. Counsel did not articulate a specific exception to the trial court's wording of the charge or express the view that the charge inadequately reflected the trial court's ruling. Appellant now claims the following.

> Evidence of prior bad acts is admissible to prove, *inter alia*, motive, intent, opportunity, and absence of mistake. **See** Pa.R.E. 404(b). Rather than instructing the jury to consider the evidence for those purposes outlined in Rule 404, the judge directed them to consider the evidence to determine whether he was guilty of the offenses at issue. This was improper, and it was never cured.

Appellant's Brief at 28 (some citations omitted). "The entirety of the charge did nothing more but imply that [Appellant] was a person acting in conformity with bad character, and that he was guilty." **Id.**

We conclude Appellant's objection to the subject charge did not implicate the issues he now raises on appeal, which are accordingly waived. **See Charleston supra**. Furthermore, Appellant's assertion that the trial court's charge invited the jury to consider Appellant's bad character is belied by the trial court's specific instruction to the contrary. "You must not regard this evidence as showing that the Defendant is a person of bad character or criminal tendencies which you might be inclined to infer guilt." N.T., 8/16/13, at 121. In light of the foregoing, we conclude Appellant's last issue on appeal is waived for failure to take a **specific** exception to the requested charge as given and alternatively that his contentions are without merit.

Based on the foregoing, we conclude that all of Appellant's issues are either waived or devoid of merit. Accordingly, we affirm the trial court's November 26, 2013 judgment of sentence.

Judgment of sentence affirmed.

Judge Stabile joins the memorandum.

Judge Donohue concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2014