JUSTICE WECHT, concurring
I concur in the learned Majority's well-reasoned conclusion that the Superior Court misapplied the "abuse of discretion" standard of review and impermissibly "substituted its judgment for that of the trial court" when it reversed the trial court's order granting Robert Gill's motion *469 in limine . Maj. Op. at 467-68. Concluding that we granted allowance of appeal on the narrow issue of whether the Superior Court applied the proper standard of review, the Majority declines to address the issue of what evidentiary rules and standards should govern the admissibility of "reverse 404(b)" evidence. "Reverse 404(b)" evidence, as it is has been labeled (or mislabeled)[1] by courts and commentators alike,[2] is evidence of a crime committed by a third party that is similar to the crime for which the defendant stands accused, and that a defendant seeks to admit for the purpose of establishing that the defendant was not the perpetrator of the charged offense.
Although I recognize that the scope of our grant was limited, the Superior Court's discussion of the law governing the admissibility of "reverse 404(b)" evidence was erroneous. Indeed, the Superior Court failed to acknowledge, let alone apply, this Court's decisions addressing such evidence. It is likely for this reason that, in their respective briefs before this Court, both Gill and the Commonwealth discuss the substantive evidentiary issue at length. While the Majority appears satisfied that "this Court already has established the law in this area,"[3] it seems to me from the Superior Court's opinion, and from the cases upon which it relies, that lower courts routinely are misapplying, or in some instances wholly ignoring, this Court's pronouncements and, instead, erroneously are subjecting "reverse 404(b)" evidence to the admissibility standards governing the Commonwealth's use of a defendant's prior bad acts under Pennsylvania Rule of Evidence 404(b).[4] For these reasons, unlike the Majority, I would take this opportunity to reassert, and clarify if necessary, the standards that govern the admissibility of "reverse 404(b)" evidence.
In reversing the trial court's order, the Superior Court initially noted that Pennsylvania Rules of Evidence 401 and 402 would guide its review.[5] Nonetheless, the *470 bulk of the Superior Court's analysis was grounded in decisional law applying and interpreting Rule 404(b). See Commonwealth v. Gill , 158 A.3d 719, 725-27 (Pa. Super. 2017) (citing Commonwealth v. Bronshtein , 547 Pa. 460, 691 A.2d 907, 916 (1997) ; Commonwealth v. Palagonia , 868 A.2d 1212 (Pa. Super. 2005) ; Commonwealth v. Nocero , 399 Pa.Super. 346, 582 A.2d 376 (1990) ). The panel stated that "reverse 404(b)" evidence is admissible after consideration of "two distinct factors that coalesce to establish its relevance and probative value. Those factors are: 1) the lapse of time between the commission of the two crimes; and 2) the resemblance between the methodologies of the two crimes." Id. at 726 (quoting Palagonia , 868 A.2d at 1216 ). Further quoting Palagonia , the Superior Court reasoned that, even when the time between the commission of the crimes is brief, "the evidence is not admissible unless the nature of the crimes is 'so distinctive or unusual as to be like a signature or the handiwork of the same individual.' " Id. (quoting Palagonia , 868 A.2d at 1216 ).
On appeal to this Court, both parties agree that a defendant has a fundamental right to present evidence in his defense and that such evidence is admissible so long as it is relevant and not excluded by an evidentiary rule. To determine the relevance of "reverse 404(b)" evidence, the Commonwealth requests that this Court expressly adopt the two-part test discussed in Palagonia , and maintains that prior decisions of this Court already have adopted implicitly the second factor as a relevant inquiry. Brief for Commonwealth at 24-28 (citing Commonwealth v. Patterson , 625 Pa. 104, 91 A.3d 55 (2014) ; Commonwealth v. Weiss , 622 Pa. 663, 81 A.3d 767 (2013) ; Commonwealth v. McGowan , 535 Pa. 292, 635 A.2d 113 (1993) ). Additionally, the Commonwealth contends that we previously have recognized that remoteness in time is a factor that must be considered in determining the similarity of crimes. Id. at 29-30 (citing Bronshtein , 691 A.2d at 916 ("The probative value of the degree of similarity of the crimes in inversely proportional to the time period separating the crimes.") ).
Conversely, Gill advocates for a more liberal standard for assessing the admissibility of "reverse 404(b)" evidence, maintaining that such evidence always is relevant if it tends to establish that a specific crime for which the defendant stands accused was committed by someone else. Brief for Gill at 13-14. Thus, Gill reasons, admissibility of "reverse 404(b)" evidence is governed by Rule 401, and is subject only to the balancing considerations of Rule 403,[6] as is all evidence. Gill finds support for this approach in United States v. Stevens , 935 F.2d 1380 (3d Cir. 1991), wherein our federal colleagues distinguished between "other crimes" evidence that is proffered to incriminate defendants and that used to exonerate defendants:
[W]e reject the government's attempt to impose hard and fast preconditions on the admission of "reverse 404(b)" evidence. More specifically, the defendant, in order to introduce other crimes evidence, need not show that there has been more than one similar crime, that he has been misidentified as the assailant *471 in a similar crime, or that the other crime was sufficiently similar to be called a "signature" crime. These criteria, although relevant to measuring the probative value of the defendant's proffer, should not be erected as absolute barriers to its admission. Rather, a defendant must demonstrate that the "reverse 404(b)" evidence has a tendency to negate his guilt, and that it passes the Rule 403 balancing test.
Id. at 1405.
In Commonwealth v. Rini , 285 Pa.Super. 475, 427 A.2d 1385 (1981), the Superior Court recognized that the defense may introduce evidence that someone else committed a crime that bears a highly detailed similarity to the crime for which the defendant is charged. Although the Rini panel analogized this to the Commonwealth's use of "other crimes" evidence, the panel subsequently highlighted that:
[w]hen the defense offers evidence that someone other than the defendant committed a crime with a detailed similarity to the one charged, the probative value is equally strong in showing that the defendant did not commit the crime charged, and the argument for admissibility is even stronger, because there is no prejudice to weigh against this equally strong probative value.
Id. at 1388.
From this starting point, however, it appears that the Superior Court's case law then diverged. That court next addressed the issue in Commonwealth v. Nocero , 399 Pa.Super. 346, 582 A.2d 376 (1990), wherein the panel specifically analyzed the defendant's use of "reverse 404(b)" evidence under Rule 404(b) principles.[7] In addressing whether the third party act that the defense sought to introduce was similar enough to establish an admissible alternate identity of the perpetrator, the Nocero panel quoted this Court's decision in Commonwealth v. Bryant , 515 Pa. 473, 530 A.2d 83 (1987) :
evidence of the other like crimes must be so nearly identical in method as to earmark them as the handiwork of the accused. Here much more is demanded than the mere repeated commission of crimes of the same class, such as repeated burglaries or thefts. The device used must be so unusual and distinctive as to be like a signature .... [Moreover], [t]here must be such a high correlation in the details of the crimes that proof that the defendant committed one makes it very unlikely that anyone else but the defendant committed the others.
Nocero , 582 A.2d at 379 (quoting Bryant , 530 A.2d at 86 ) (emphasis omitted). Nocero failed to note that Bryant was a Rule 404(b) case. Additionally, Nocero asserted that remoteness in time is a factor that also must be considered in determining the similarity of crimes. Id. (citing Commonwealth v. Clayton , 506 Pa. 24, 483 A.2d 1345, 1350 (1984) ). Yet, Lark , Bryant and Clayton , upon which the Nocero panel relied, are all cases that addressed the Commonwealth's use of 404(b) evidence, rather than the defendant's.
Nocero was the first in a series of decisions, many unpublished, in which the *472 analysis of "reverse 404(b)" evidence stemmed entirely and uncritically from case law addressing the Commonwealth's use of 404(b) evidence. Although described by the Superior Court herein as the Palagonia standard, the two-prong inquiry, which the Commonwealth now asks us to adopt, actually was announced by the Superior Court in Nocero . The Palagonia court reaffirmed this view and again opined that the "evidence is not admissible unless the nature of the crimes is so distinctive or unusual as to be like a signature or the handiwork of the same individual." Palagonia , 868 A.2d at 1216 (quoting Nocero , 582 A.2d at 378 ). And so the error tumbled forward.
On the other hand, this Court has addressed the issue, at least tangentially, on three occasions. First, in McGowan , we noted with approval the Superior Court's discussion in Rini , supra , and held that the trial court erred in excluding evidence of another crime that bore "substantial similarities to the crime for which the defendant now stands accused." McGowan , 635 A.2d at 115. Subsequently, in Weiss and Patterson , we reaffirmed this standard and quoted McGowan and Rini to hold that the defense may introduce evidence that someone else committed a crime that "bears a highly detailed similarity to the crime with which the defendant is charged." Weiss , 81 A.3d at 806-07 ; Patterson , 91 A.3d at 72. We did not discuss Nocero or Palagonia in any of these cases, nor did we bolster our discussions of the admissibility of "reverse 404(b)" evidence with standards relevant to the Commonwealth's use of evidence under Rule 404(b).
To summarize, since departing from its decision in Rini , the Superior Court has advanced a two-part test for assessing the admissibility of "reverse 404(b)" evidence that is influenced entirely by cases addressing admissibility of evidence offered against the defendant under Rule 404(b). By contrast, building upon Rini , this Court has adopted a standard-highly detailed similarity-that is wholly (and properly) independent of any Rule 404(b) case law. In the instant case, the Superior Court failed to acknowledge our case law, let alone offer any reason why we should ignore our own precedents and adopt the Palagonia standard instead. In the absence of any additional guidance from this Court on the application of the "highly detailed similarity" standard, lower courts have advanced an alternative and problematic analysis grounded in Rule 404(b).
To be sure, a court may consider the similarities between the crimes, as well as the time between the commission of the two crimes, in order to determine whether the evidence of the third-party crime is relevant. But the evidentiary burdens that we purport to place upon the Commonwealth before admitting evidence of a defendant's prior bad acts under Rule 404(b), such as requiring similar crimes to be "so nearly identical in method as to earmark them as the handiwork of the accused" or "so unusual and distinctive as to be like a signature," have no place in the analysis of the admissibility of "reverse 404(b)" evidence.[8] See Bryant , 530 A.2d at 86 (emphasis *473 omitted). The entire objective of Rule 404(b) is to ensure that evidence of prior bad acts is offered for a permissible purpose and not as impermissible character evidence.
By contrast, in the context of admitting "reverse 404(b)" evidence, the defendant's character simply is not implicated. Thus, the standards and restrictions of Rule 404(b) that accompany the Commonwealth's use of other acts evidence against an accused are not dispositive of the admissibility of the other acts of third parties that tend to exculpate a defendant. In United States v. Aboumoussallem , 726 F.2d 906 (2d Cir. 1984), the Second Circuit highlighted this incongruity in analyzing whether Federal Rule of Evidence 404(b) mandated a "symmetrical standard for the admission of similar acts evidence" by a defendant:
[W]e believe the standard of admissibility when a criminal defendant offers similar acts evidence as a shield need not be as restrictive as when a prosecutor uses such evidence as a sword. The prosecution, in the Anglo-American tradition, may not ordinarily offer evidence of a defendant's prior wrongdoing for the purpose of persuading the jury that the defendant has a propensity for crime and is therefore likely to have committed the offense for which he stands trial.... [T]he evidence "is objectionable not because it has no appreciable probative value but because it has too much." Presumably, the "too much" argument means that a guilty person, and, of far more serious concern, an innocent person, may be convicted primarily because of the jury's willingness to assume his present guilt from his prior misdeed.... However, risks of prejudice are normally absent when the defendant offers similar acts evidence of a third party to prove some fact pertinent to the defense.
Id. at 911 (quoting 1A WIGMORE , EVIDENCE § 58.2 (4th ed. 1983) ). Notably, our own Third Circuit adopted similar reasoning in Stevens : "When a defendant proffers 'other crimes' evidence under Rule 404(b), there is no possibility of prejudice to the defendant; therefore, the other crime need not be a 'signature' crime. Instead, it only need be sufficiently similar to the crime at bar so that it is relevant under [Rule] 401 and 402, and that its probative value is not substantially outweighed by [Rule] 403 considerations." Stevens , 935 F.2d at 1384.
These federal precedents illustrate why the admissibility of "reverse 404(b)" evidence should not be governed by Rule 404(b) or subjected to the standards imposed by Rule 404(b) case law.[9] The sole inquiry for a trial court is whether evidence of a similar crime tends to make a fact-here, the perpetrator's identity-more or less probable than it would be without the evidence. As long as "reverse 404(b)" evidence passes this liberal relevance *474 hurdle and survives Rule 403 balancing, there is no need to require a defendant to prove its admissibility under one of the permitted purposes of Rule 404(b).
Justice Donohue joins this concurring opinion.

For purposes of clarity and uniformity, I use the term "reverse 404(b)" in this opinion. However, as I explain below, this term is a misnomer, evoking as it does the key distortion that plagued the Superior Court's analysis and that I reject herein.

See, e.g. , United States v. Stevens , 935 F.2d 1380, 1402 (3d Cir. 1991) ; Allen v. State , 440 Md. 643, 103 A.3d 700, 712-13 (2014) ; 3 Clifford S. Fishman & Anne T. McKenna , Jones on Evidence § 17:78:10 (7th ed. 2017); Jessica Broderick, Reverse 404(b) Evidence: Exploring Standards When Defendants Want to Introduce Other Bad Acts of Third Parties , 79 U. Colo. L. Rev. 587, 587 (2008).

Maj. Op. at 465-66 n.4.

Rule 404(b) provides:
(1) Prohibited Uses . Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
(2) Permitted Uses . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.
(3) Notice in a Criminal Case . In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.
Pa.R.E. 404(b).

Rule 401 provides:
Evidence is relevant if:
(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and
(b) the fact is of consequence in determining the action.
Pa.R.E. 401.
Pursuant to Rule 402, "[a]ll relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402.

Rule 403 provides: "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

"The general rule in Pennsylvania is that 'evidence of distinct crimes are [sic ] not admissible .... However, evidence of other crimes and/or violent acts may be admissible in special circumstances where the evidence is relevant ....' " Nocero , 582 A.2d at 378 (quoting Commonwealth v. Lark , 518 Pa. 290, 543 A.2d 491, 497 (1988) ) (omissions in original). The Nocero panel continued by outlining that "evidence of those crimes may be introduced to prove: (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design ... ; or (5) to establish the identity of the person charged with the commission of the crime on trial[.]" Id. (citing Lark , 543 A.2d at 497 ).

In recent years, the issue of whether courts of this Commonwealth actually impose what should be strict admissibility requirements upon the Commonwealth's use of Rule 404(b) evidence to prove a defendant's identity has begun to resonate on this Court. See Commonwealth v. Hicks , 638 Pa. 444, 156 A.3d 1114, 1153 (2017) (Donohue, J., dissenting) (concluding that recent case law has been a "departure from our cornerstone jurisprudential requirements for establishing a common scheme or plan and evinces nothing close to the required signature for purposes of showing identity"); id. at 1130 (Saylor, C.J., concurring) (agreeing with Justice Donohue that "majority opinions of this Court also have substantially diluted the putatively stringent standard associated with ... proof of identity"). Although this question is not before us now, I acknowledge it in order to highlight the absurdity in imposing such a high burden of similarity on a defendant in seeking to admit "reverse 404(b)" evidence, given that it is questionable whether we impose that same burden on the Commonwealth.

The "highly detailed similarity" standard that this Court has adopted for admissibility of "reverse 404(b)" evidence may also be at odds with the lenient standards of Rule 401 and 402, as well as the insightful decisions from the Second and Third Circuits cited herein analyzing analogous federal rules. Nevertheless, for purposes of this opinion, and in light of the trial court's ruling that the similarities between the 2013 and 2016 burglaries were "striking," see Trial Ct. Op., 10/19/2016, at 1, I do not find it necessary to criticize or call into question our prior decisions at this juncture.