J-S11038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEAN DOLCE | : | |
| | : | |
| Appellant | : | No. 878 WDA 2024 |

Appeal from the Judgment of Sentence Entered June 25, 2024
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000521-2023

BEFORE: MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                                    **FILED: June 11, 2025**

Jean Dolce ("Dolce") appeals from the judgment of sentence imposed following his convictions for strangulation, simple assault — attempts to cause bodily injury, simple assault — physical menace, and harassment.[1] After review, we affirm.

The trial court summarized the factual and procedural history of this case as follows:

> The police . . . were directed to the apartment of Adrian Dixon [("Dixon")], . . . due to a 911 call. Dixon had contacted 911 because Dolce was in the threshold of her doorway with a kitchen knife. Dixon alleged that immediately prior to the call, Dolce engaged her in a verbal altercation in regards to [his] cell phone. Dixon advised the police that she told Dolce to leave her apartment and that as a result he pulled her hair. She further told the responding officer that she had turned away from him at which point she felt Dolce slap her in the left side of her face. After the slap, both [Dixon] and [Dolce] fell to the ground. According to

_____

[1] *See* 18 Pa.C.S.A. §§ 2718(a)(1), 2701(a)(1), (3), 2709(a)(1).

Dixon, Dolce got on top of her and placed his hands around her neck squeezing and applying pressure to her neck. Dixon stated that she "lost oxygen" while Dolce had his hands around her neck. She advised Dolce that she could not breathe and that she was gasping while Dolce's hands were around her neck. According to Dixon, Dolce then placed her in a chokehold. Once she removed herself from Dolce and went to the bedroom, she called 911 and Dolce retrieved a knife. It was also alleged that while Dolce was in possession of the knife, he stabbed a banister multiple times. Dixon acknowledged that she had a baseball bat in her possession while inside her bedroom because she felt in fear for her life once Dolce had possession of the knife.

At the time of trial, the police testified that Dolce was not cooperative when they arrived on scene. He was eventually placed into detention by officers. The jury heard testimony from Dixon, as well as the responding officers. The jury also saw the body worn camera video of responding officers and heard the testimony of Dolce [in his own defense claiming self-defense]. During [Dolce's] case, [he] proffered the testimony of Ms. Jackie Bofao [("Bofao")]. Bofao is a former paramour of Dolce and shares a child with [him]. The proffered testimony was that if called, Bofao would state that: the night prior to the assault, Bofao received a call from [Dixon] who made threats to her, her child, and Dolce. [Dolce] offered this testimony under the argument that it went to [his] state of mind. [Dolce] also argued that it was not hearsay because it did not go to the truth of the matter asserted as to whether or not [Dixon] had actually made the threats. The Commonwealth objected. The court heard legal argument on the record outside the presence of the jury and did not agree with [Dolce] that the testimony, as proffered was not hearsay. In doing so, this court also ruled out the applicability of present [s]ense impression exception to the hearsay rule.

Following the two (2) day trial, the jury convicted Dolce of strangulation, . . . simple assault attempt to cause bodily injury, . . . simple assault physical menace, . . . and the court found Dolce guilty of harassment consistent with the jury's verdict. Dolce was sentenced on June 25, 2024[,] following a sentencing proceeding with consideration of a presentence investigation, as well as the sentencing guidelines and the presentations made by all parties to a term of incarceration of forty-five . . . to ninety . . . months in a state correctional facility.

Trial Court Opinion, 9/4/24, at 1-3 (unnecessary capitalization and citations to the record omitted).[2]

Dolce did not file a post-sentence motion. Dolce filed a timely notice of appeal. Both Dolce and the trial court complied with Pa.R.A.P. 1925.

On appeal, Dolce raises the following issues for our review:

1. Whether the trial court erred in precluding [Dolce's] proffered testimony that [Dixon] had made threats against [him] and his family?

2. Whether evidence of threats made by [Dixon] was relevant circumstantial evidence of the state of mind of [Dolce] and his defense of self-defense?

Dolce's Brief at 6.

In both of his issues on appeal, which we address together, Dolce contends that the trial court erroneously precluded him from introducing testimony of a proposed defense witness under the state of mind hearsay exception. This Court's standard of review of a trial court's evidentiary rulings, including decisions on the admission of hearsay, is for an abuse of discretion. *See Commonwealth v. Rivera*, 238 A.3d 482, 492 (Pa. Super. 2020).

A statement is hearsay if made out of court and offered in court for the truth of the matter asserted in the statement. *See Commonwealth v. Fitzpatrick*, 255 A.3d 452, 458 (Pa. 2021). Hearsay is inadmissible unless it

_____

[2] For ease of review, when quoting the trial court's opinion, we have shortened the trial court's references of "the Defendant-Appellant" to "Dolce," "Ms. Dixon" to "Dixon" and "Ms. Bofao" to "Bofao."

- 3 -

satisfies a hearsay exception prescribed by statute or rule. ***See*** Pa.R.E. 802. Evidence of a declarant's then-existing state of mind, not including a statement of memory or belief, is admissible to prove a fact ***the declarant*** remembered or believed pursuant to the "state of mind" exception to the hearsay rule. ***See*** Pa.R.E. 803(3). The state of mind hearsay exception, however, does ***not*** permit the admission of a declarant's statement to prove the intent or motive of another person. ***See Fitzpatrick***, 255 A.3d at 482 (holding that a victim's written assertion that the accused would be responsible if she met an untimely death was an inadmissible factual averment offered to prove the accused's intent) (emphasis added). "An accused has a fundamental right to present evidence so long as the evidence is relevant and not excluded by an established evidentiary rule." ***Commonwealth v. Ward***, 605 A.2d 796, 797 (Pa. 1992) (citation omitted).

Dolce argues that the trial court abused its discretion by excluding testimony from Bofao about Dixon's threats to her, her child, and Dolce that would have supported his self-defense claim. ***See*** Dolce's Brief at 11. Dolce asserts that Bofao's proffered testimony was not hearsay because it was not offered for the truth of the matter asserted but was offered to establish his state of mind. ***See id***. at 13. Dolce maintains

> that he only engaged in the altercation with Dixon to defend himself, which he thought necessary due to previous interactions as well as the threats he was informed were made against him. [Furthermore, t]he trial court's ruling to exclude testimony of the threats was prejudicial and an abuse of discretion because it placed [him] in a position where he was not able to present a

complete defense including evidence of why he was afraid of Dixon.

*Id*. at 11-12 (citation omitted).

The trial court considered Dolce's issues and determined that they lacked merit. The court concluded:

> Clearly, [Dolce] in this case was attempting to admit alleged statements made by [Dixon] to [Bofao,] a third party, who then relayed those statements to [Dolce]. Thus, [Dolce] has failed to meet the qualifications of the state of mind exception because he is attempting to use the statements of [Dixon] to prove his own state of mind. He was not the declarant of the statements.

> The [c]ourt concluded after hearing argument that the statements as proffered [were offered] for the truth of the matter asserted and not merely to explain [Dolce's] actions. [Dolce] had failed to cross-examine [Dixon] on the alleged threats. Additionally, [Dolce] testified to the circumstances of the assault and his own belief that he acted in self-defense. In doing so, there was no indication through legal argument or other statements made by [Dolce] to the [c]ourt outside the presence of the jury that [Dolce] was handicapped by references to other conduct by [Dixon]. In fact, the testimony of the record was that [Dixon] was an amateur/professional female boxer and that [Dolce] had a fear of her. Finally, as set forth above despite the Commonwealth's objection, [Dolce] was asked whether [Dixon] had previously threatened [Bofao] or the son that [Dolce] shared with [Bofao] to which [Dolce] answered that she had, ***but that the threat had not occurred until a week after he was arrested***. With that testimony of record, [Dolce's] claim of error is not supported.

Trial Court Opinion, 9/4/24, at 8 (emphasis in original).

Upon review, we conclude that the trial court did not abuse its discretion by precluding Bofao's testimony about Dixon's threats, which Dolce had proffered to prove his state of mind. Bofao's proffered testimony was unquestionably hearsay, as it consisted of an out-of-court statement

presumably made by Dixon. Dolce failed to establish the state of mind exception to the hearsay rule because the statement he sought to introduce was not his own statement. Rather, it was an alleged statement by Dixon, and it was Boafo, not Dixon, who informed Dolce of the threat. As explained above, the state of mind exception does not permit the admission of the declarant's statement to prove the intent or motive of another person, such as Dolce. *See Fitzpatrick*, 255 A.3d at 481. In any event, the proffered testimony was irrelevant to Dolce's claim of self-defense, since he admitted that Dixon made the threats *after* the altercation that led to his arrest. Thus, Bofao's proffered testimony that Dixon threatened her, her child, and Dolce was not admissible as evidence of *his* (Dolce's) "state of mind" pursuant to Pa.R.E. 803(3). *See id*. Accordingly, because Dolce has not shown that the trial court abused its discretion, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/11/2025